**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Friday, the 14th day of November, 1997.

Thomas Franklin Hohman,                                         Appellant,

  against     Record No. 970464
              Court of Appeals No. 0815-95-4

Commonwealth of Virginia,                                       Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia on the 31st day of December, 1996.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment appealed from. Accordingly, for the reasons stated in the memorandum opinion of the Court of Appeals, dated December 31, 1996, the judgment is affirmed. The appellant shall pay to the Commonwealth of Virginia thirty dollars damages.

It is ordered that the Circuit Court of Stafford County allow counsel for the appellant a fee of $625 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the fees and costs to be assessed by the clerk of this Court and the clerk of the court below.

Justice Koontz took no part in the consideration of this case.

_____

JUSTICE KEENAN, with whom JUSTICE LACY joins, dissenting:

I would hold that the language of Code § 19.2-237 is unambiguous and prohibits a trial court from enforcing a jail sentence in a misdemeanor case in which the defendant has failed to appear and plead. The manifest purpose of this provision is to permit the court to hear and dispose of misdemeanor cases without impairing any defendant's liberty interests.

If the trial court wishes to retain the discretion to impose a jail sentence on an absent defendant charged with a misdemeanor, the court may issue a capias for the defendant's arrest and have him brought before the court to enter a plea to the charge and be tried. In the present case, the trial court erred because it imposed a jail sentence on the defendant when he had not appeared for trial, had not entered a plea to the charge, and had not waived his right to trial by jury. The imposition of this sentence violated the clear statutory mandate that when a court tries an absent defendant charged with a misdemeanor "in the same manner as if [the defendant] had appeared, plead not guilty and waived trial by jury, . . . the court shall not in any such case enforce a jail sentence." Code § 19.2-237. Therefore, I would reverse the trial court's judgment and remand the case for imposition of a sentence that conforms with this statutory restriction.

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of Stafford County and shall be

published in the Virginia Reports.

A Copy,

Teste:

David B. Beach, Clerk

Costs due the Commonwealth
 by appellant in Supreme
 Court of Virginia:

   Attorneys' fees:  $925.00 plus their costs and expenses

Teste:


Clerk